# E-filing

TEH 55

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  TRASK        KENNETH

   (Last)       (First)      (Initial)

**FILED**

Prisoner Number  B-92755

MAR 2 8 2008

Institutional Address  CTF-CENTRAL-XW-340-LOW

P.O. BOX 689 SOLEDAD, CA 93960-0689

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

=================================================

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

KENNETH TRASK

(Enter the full name of plaintiff in this action.)

CV 08 1695

    vs.

Case No. _____
(To be provided by the clerk of court)

E.B. ABANICO; SGT.IVEY,II; G.ELLIOT, SGT. PROUDHL;

SGT. J.ABOYTES/P.G. DENNIS; APP DOOR; I.GUERRA, CM;

J.A. SOARES ASC WAR; C.NOEL, PITV/WAR; N.GRANNIS

I/M.APPEALS; BEN CURRY, WARDEN

(Enter the full name of the defendant(s) in this action)

DOES 1-50

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983**

**TEH**

**(PR)**

*[All questions on this complaint form must be answered in order for your action to proceed.]*

I.   Exhaustion of Administrative Remedies

    [**Note:** You must exhaust your administrative remedies before your claim can go

    forward. The court will dismiss any unexhausted claims.]

    A.   Place of present confinement CORRECTIONAL TRAINING FACILITY

    B.   Is there a grievance procedure in this institution?

         YES (X)    NO ( )

    C.   Did you present the facts in your complaint for review through the grievance

    procedure?

         YES (X)    NO ( )

    D.   If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT          - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _BYPASS TO NEXT LEVEL._
_(APPEAL NO 07-02592.) FILED 6/29/07_

2. First formal level _(DENIED) FILED ON 6/29/07;_
_DENIED ON 8/9/07. (SEE EXHIBIT #A.602; Page_
_3 of 5.)_

3. Second formal level _(PARTIALLY GRANTED, APPEAL NO SAME.)_
_FILED 8/23/07; GRANTED 9/19/07, "NO REPRISALS TAKEN_
_TOWARDS PRISONER FOR FILING APPEAL. (EXHIBIT #A SECOND LEVEL.)_

4. Third formal level _(APPEAL DENIED 1/10/08.)_
_(SEE EXHIBIT #A DIRECTOR'S LEVEL REVIEW.)_
_NO CHANGE PER ORDER._

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES (X)      NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain

why. _N/A_

II.   Parties

A.   Write your name and your present address. Do the same for additional plaintiffs, if any.

_KENNETH TRASK B-92755 CTF-CENTRAL-XW-340-LOW_
_P.O. BOX 689 SOLEDAD, CA 93960-0689_

B.   Write the full name of each defendant, his or her official position, and his or her place of

employment. _( ALL DEFENDANT'S WORK AT_
_CORRECTIONAL TRAINING FACILITY._
_C/O E.B. ABANICO; G. ELLIOT, SGT; PRUDHEL, J. SGT; I. GUERRA, FAC CAP;_
_J.A. SOARES, ASC WAR; C. NOEL, DEP WAR; N. GRANNIS, I/M APPEALS BRANCH._

COMPLAINT                          - 2 -

1  *N. GRANNIS I/M Appeals*

2

3

4  III.    Statement of Claim

5          State here as briefly as possible the facts of your case.  Be sure to describe how each

6  defendant is involved and to include dates, when possible.  Do not give any legal arguments or cite any

7  cases or statutes.  If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9  *Count 1. On or about June 28, 2007 [ Plaintiff ]*

10  *attempted to attend a Medical appointment set-up*

11  *by an Medical doctor employeed at Correctional*

12  *Training Facility at the Central Facility Infirmary,*

13  *in the City of Soledad, County of Monterey, where*

14  *[ Defendant ] C/O E.B. Abanico Intentionally denied*

15  *[ Plaintiff's ] rights by reckless and wanton disregard*

16  *of the right to Medical treatment and delay in*

17  *disregard of the consequences and [ Plaintiff's ]*

18  *rights under the laws of the State of California*

19  *and the Constitution of the United States Eighth;*

20  *Fourteenth Amendment. (See Exhibit # A.)*

21  *( continued on Attached Sheet III-A. )*

22  IV.    Relief

23          Your complaint cannot go forward unless you request specific relief.  State briefly exactly what

24  you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

25  *Wherefore, plaintiff prays that judgment be entered*

26  *A. Ordering each Defendant named in their individual*

27  *and official capacity to pay plaintiff the sum of*

28  *$5,000.00 (five thousand dollars) in actual damages.*

COMPLAINT                    - 3 -

1   B. Ordering each Defendant in their individual and
2   official capacity to pay plaintiff the sum of $5,000.00
3   (five thousand dollars) in actual damages.
                                            (See Att 4-I.)
4   I declare under penalty of perjury that the foregoing is true and correct.

5

6   Signed this ___3___ day of _____17_____, 20_08_

7

8   _____

9   (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

(Attached)

1  C. Ordering Defendant's to pay all costs incurred in
2  prosecution of this lawsuit, including reasonable
3  attorney's fees.
4
5  D. Granting such further relief as this Court deems
6  just and proper.
7
8  Dated: 3-17-08              /s/ _____ nak
9                              Signature
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4 — I

1  Count 2. On or about June 28, 2007 [ Plaintiff ], at
2  6:15 p.m., sought to appeal [ Defendant ], C/O E.B.
3  Abanico's denial to talk to his "immediate supervisor,"
4  [ Respondeant ] Sergeant Prudhel, J. who was outside
5  his area of supervision sitting inside another station
6  designated as C-Wing at Correctional Training Facility,
7  City of Soledad, County of Monterey.  [ Defendant ],
8  Prudhel, J. is liable when "corrective inaction," constitutes
9  deliberate indifference when Defendant stated: "My
10 Officers don't send inmates to talk to me, KICK ROCKS."
11  As [ Superior Respondeant ] Defendant Prudhel in
12 disregard of consequences denied Plaintiff's right to
13 seek redress, corrective action, right to medical
14 treatment, not to be delayed in seeking Plaintiff's
15 rights under the laws of the State of California and
16 the Constitution of the United States Eighth &
17 Fourteenth Amendment. (See Exhibit #A. Page 2 of 5.)
18 Count 3. On or about June 28, 2007 [ Plaintiff ], filed
19 an "Inmate/Parolee Appeal Form," grievance procedure
20 which included all levels of administrative appeal
21 and included the following [ Defendant's ], under
22 [ Superior Respondeant ] Sergeant G. Elliot, I. Guerra,
23 Facility Captain, J.A. Soares, Associate Warden (A);
24 C. Noel, Warden (A); N. GRANNIS, Chief Inmate Appeals
25 Branch, recklessly, intentionally allowed C/O E.B.
26 Abanico to retaliate against Plaintiff specifically
27 when the above [ Defendant's ], granted
28 Second Level of Administrative Review

III - A

1  that I would "suffer no reprisals or retaliation
2  by staff for exercising the right to file an appeal,"
3  (See Exhibit # A. Inmate/Parolee Form Page 7-8),
4  failed to secure [ Plaintiff's ] constitutional right
5  of the Eighth, & Fourteenth Amendment by failing
6  to take corrective action and by inaction as
7  [ Superior Respondeant ] is liable by deliberate
8  indifference to [ Plaintiff's ] right to be free from
9  cruel and unusual punishment and to equal
10 protection under the laws of the State of
11 California and the Constitution of the United
12 States.
13 Count 4. On or about September 13, 2007, [ Defendant ]
14 C/O E.B. Abanico, retaliated against [ Plaintiff ] for
15 exercising my right to file an "Inmate/Parolee Appeal
16 Form," when Defendant failed to follow the orders
17 of his [ Supervisors, Respondeant's ] "no retaliation
18 or reprisals," when [ Defendant ] filed a false
19 disciplinary charge, "Rule Violation Report," labeled
20 "Threatening the Life of a Public Official," by stating
21 "We will kill this Motherfucker." (See Exhibit #B
22 Rule Violation Report.) The case and action was
23 referred to Monterey District Attorney's Office on
24 October 12, 2007. (See Exhibit #B. Administrative
25 Segregation Unit Placement Notice CDC-114-D.)
26 The Rule Violation Report filed by [ Defendant ],
27 a false report caused Plaintiff to be removed
28 from the general population and subjected to

III-B

1  criminal prosecution. (See Exhibit # B Transmittal
2  of Incident Report, Dated September 26, 2007.)
3  Plaintiff filed an "Group Appeal," on June 22, 2007
4  against [Defendant] C/O E.B. Abanico, for his repeated,
5  Verbal Harassment, Destruction of Personal Property,
6  Unprofessional Conduct, and Aggressive Body Searches,
7  of which ninety (90) other inmates from D-Wing
8  have also been subjected to and witnessed the
9  same, by [Defendant C/O E.B. Abanico]. (See Exhibit
10  # C. Pages 9, 10, 11.)
11  On July 7, 2007, Plaintiff filed an "Inmate/Parolee
12  Appeal Form," addressing the [Defendant] C/O E.B.
13  Abanico's repeated and continuous rule violations
14  when Defendant has been consuming meals in
15  violation of CCR Title 15 § 3054.5 3413.(2)(2), which
16  sought [Defendant] C/O E.B. Abanico, be ordered to
17  cease and desist from stealing unauthorized
18  meals which are not paid for. (See Exhibit # D
19  Page 1 ? 2.) On the above date Defendant C/O E.B.
20  Abanico, was served the initial inmate appeal which
21  he stated: "He does not know where, or what he did
22  with my appeal." (See Exhibit # D. Page 3.)
23  On August 13, 2007, I was interviewed by
24  Sergeant E. Ivey in D-Wing at appoximately 3:20 p.m.,
25  about the appeal filed by myself against Defendant
26  C/O E.B. Abanico, in which it is stated I elected to
27  withdraw my appeal. (See Exhibit # D. Page 5.)
28  In addressing the issue of whether I actually

III - C

1  withdrew my appeal one of the Defendant's forged

2  my signature regarding withdrawl of the appeal,

3  compare the signatures throughout with page 5 of

4  Exhibit # D. Further, see Pages 6 & 7 of Exhibit # D.

5  As Superion Respondeant in the above, issue

6  [Defendant's] J. Abaytes / P.G. Demis, Appeals

7  Coordinators are liable when it was brought to

8  their attention. (See Exhibit #D.)

9  Plaintiff has been subjected to cruel and unusual

10  punishment and the loss of equal protection by

11  false disciplinary reports, possible criminal prosecutions,

12  verbal harassment, unprofessional conduct and

13  aggressive body searches, (and forged signatures),

14  violates Plaintiff's California laws and rights

15  guaranteed, and Constitution of the United States

16  Fifth, Eighth and Forteenth Amendment.

17

18

19

20

21

22

23

24

25

26

27

28

III - C - 1

## FIRST CAUSE OF ACTION
### (Denial of Medical Care)

5. Plaintiff realleges and incorporates by reference, paragraphs 1 through 4 of the General Allegations as though fully set forth herein.

6. This Cause of Action is brought pursuant to 42 U.S.C. Section 1983 and the Constitution of the United States, in particular, but not limited to, the Fourteenth Amendment thereto.

7. The above described act and omissions of defendant's, and each of them, constituting deliberate indifference to plaintiff's obvious and serious medical needs, constituting punishment in violation of plaintiff's rights guaranteed by the Fourteenth Amendment to the United States Constitution.

8. As a direct and proximate result of the acts, omissions, and constitutional violation alleged above, plaintiff has suffered physical pain, mental anguish, emotional distress, all to his damage in an amount to be proven at trial.

III - D

1  9. In doing the acts and making the omissions
2     alleged herein, [ Defendant C/O E.B. Abanico, and
3     [ Superior Respondeant's ] Defendant's Does One
4     through Five acted maliciously and with a wanton
5     disregard for the rights, needs, and feelings of
6     plaintiff, and by reason thereof, plaintiff demands
7     exemplary and punitive damages in an amout
8     to be proven at trial.
9
10           SECOND CAUSE OF ACTION
11        ( Unlawful Policy, Custom, or Habit )
12
13  10. Plaintiff realleges and incorporates by reference
14      paragraphs 1 through 9 above as though fully
15      set forth herein.
16
17  11. This Cause of Action is brought pursuant to 42 U.S.C.
18      1983 and the Constitution of the United States,
19      in particular, but not limited, to the Fourteenth
20      Amendment thereto.
21
22  12. Defendant Ben Curry, Warden of Correctional Training
23      Facility, N. Grannis, Inmate Appeals Branch of
24      Sacramento, California and through their
25      subordinates which operate and/or answer appeals
26      was aware of prior instances of Defendant C/O E.B.
27      Abanico's unlawful policy of harassment, aggressive
28      searches, and as [ Superior Respondeant ], had a duty

III - E

1  to but did not prevent the recurrence of such
2  incidents. The incident involving plaintiff would not
3  have occurred except for the failure of Defendant
4  C/O E.B. Abanico's [Superior Respondeant's] and
5  the [Warden] to take action to prevent such
6  occurrences.
7
8  13. Defendant, Ben Curry, Warden, and his subordinates
9  named herein has and did have, at the time of
10  plaintiff's incarceration, a policy, custom, or habit
11  of allowing retaliation against inmates at
12  Correctional Training Facility, ignoring requests that
13  it not be allowed, and acting with deliberate
14  indifference to the protection needed, including
15  plaintiff.
16
17  14. As a direct and proximate result of this policy,
18  custom, or habit, plaintiff suffered the injuries
19  alleged in the First and Second Cause of Action,
20  and thus was deprived of my constitutional rights
21  guaranteed by the Fourteenth Amendment to the
22  United States Constitution.
23
24  15. As a result of the injuries and constitutional
25  deprivations alleged above, plaintiff suffered and
26  is entitled to damages as alleged in Paragraphs
27  10 and 14 above.
28

1  16. In doing the acts and making the omissions
2      alleged herein, [ Defendant's Ben Curry, Warden],
3      and his subordinates listed herein Does One
4      through Fourteen acted maliciously and with a
5      wanton disregard for the rights, needs, and feelings
6      of plaintiff, and by reason thereof, plaintiff demands
7      exemplary and punitive damages in the amount
8      proven at trial.
9
10 17. A number of men who are inmates at Correctional
11     Training Facility, including plaintiff, will and do
12     need medical treatment, protection from unlawful
13     policy and customs which violate the constitution,
14     and protection from retaliation by Correctional
15     Officer's, whom are under control of the
16     [ Superior Respondeant's ]. The Correctional
17     Training Facility does not provide protection from
18     the above violations violating plaintiff's
19     Fifth : Fourteenth Amendment rights to
20     Equal Protection.
21
22 18. As a direct and proximate result of the acts.
23     omissions, and constitutional violation of equal
24     protection as alleged above, plaintiff has
25     suffered physical pain, mental anguish, emotional
26     distress, and damages, as herein alleged in an
27     amount to be proven at trial.
28

III - G.

19. In doing the acts and making the omissions
alleged herein, [ Defendant, Ben Curry, Warden ],
and his subordinates Does One through Fourteen
acted maliciously and with a wanton disregard
for the rights, needs, and feelings of plaintiff, and
by reason thereof plaintiff demands exemplary
and punitive damages in an amount to be proven
at trial.

III - H

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
9    KENNETH TRASK,                    )
10                                     )
                                       )
11                      Plaintiff,     )      CASE NO. _____
                                       )
12         vs.                         )      PRISONER'S
     C/O E.B. ABANICO; G.ELLIOT, SGT;  )      APPLICATION TO PROCEED
13   PRUDHEL, J. SGT; I.GUERRA, FAC CAP )      IN FORMA PAUPERIS
     J.A.SOARES, ASC WAR; C.NOEL, DEP CAR;)
14   BEN CURRY, WAR;         Defendant. )
     N.GRANNIS, IJM APPEALS BRANCH, etal; )
15

16         I, _KENNETH TRASK____, declare, under penalty of perjury that I am the

17   plaintiff in the above entitled case and that the information I offer throughout this application

18   is true and correct. I offer this application in support of my request to proceed without being

19   required to prepay the full amount of fees, costs or give security. I state that because of my

20   poverty I am unable to pay the costs of this action or give security, and that I believe that I am

21   entitled to relief.

22         In support of this application, I provide the following information:

23   1.    Are you presently employed? Yes ____ No ✗

24   If your answer is "yes," state both your gross and net salary or wages per month, and give the

25   name and address of your employer:

26   Gross: _____N/A_____ Net: __N/A_____

27   Employer: _____N/A_____

28   _____

1   If the answer is "no," state the date of last employment and the amount of the gross and net

2   salary and wages per month which you received.   (If you are imprisoned, specify the last

3   place of employment prior to imprisonment.)

4   _____ N/A _____

5   _____

6   _____

7   2.      Have you received, within the past twelve (12) months, any money from any of the

8   following sources:

9        a.      Business, Profession or              Yes ____  No ✓

10               self employment

11       b.      Income from stocks, bonds,           Yes ____  No ✓

12               or royalties?

13       c.      Rent payments?                       Yes ____  No ✓

14       d.      Pensions, annuities, or              Yes ____  No ✓

15               life insurance payments?

16       e.      Federal or State welfare payments,   Yes ____  No ✓

17               Social Security or other govern-

18               ment source?

19   If the answer is "yes" to any of the above, describe each source of money and state the amount

20   received from each.

21   _____ N/A _____

22   _____

23   3.      Are you married?                         Yes ____  No ✓

24   Spouse's Full Name: _____ N/A _____

25   Spouse's Place of Employment: _____ N/A _____

26   Spouse's Monthly Salary, Wages or Income:

27   Gross $_____ N/A _____  Net $____ N/A _____

28   4.      a.      List amount you contribute to your spouse's support:$ ___ N/A _____

1       b.    List the persons other than your spouse who are dependent upon you for

2             support and indicate how much you contribute toward their support. (NOTE:

3             For minor children, list only their initials and ages. DO NOT INCLUDE

4             THEIR NAMES.).

5       _____ NONE _____

6       _____

7   5.    Do you own or are you buying a home?          Yes ____  No ✓

8   Estimated Market Value: $__0.00____ Amount of Mortgage: $__0.00_____

9   6.    Do you own an automobile?                     Yes ____  No ✓

10  Make ____N/A____ Year ____N/A____ Model ____N/A_____

11  Is it financed? Yes _____ No _____ If so, Total due: $ ____N/A_____

12  Monthly Payment: $ ____N/A_____

13  7.    Do you have a bank account? Yes ____ No ✓ (Do not include account numbers.)

14  Name(s) and address(es) of bank: _____N/A_____

15  _____

16  Present balance(s): $ _____N/A_____

17  Do you own any cash? Yes ____ No ✓ Amount: $ ____N/A_____

18  Do you have any other assets? (If "yes," provide a description of each asset and its estimated

19  market value.) Yes ____ No ✓

20  _____

21  8.    What are your monthly expenses?

22  Rent: $ ____0.00_____ Utilities: __0.00_____

23  Food: $ ____0.00_____ Clothing: __0.00_____

24  Charge Accounts:

25  Name of Account            Monthly Payment                Total Owed on This Acct.

26  ____N/A_____    $ ____N/A_____    $ ____N/A_____

27  _____/_____    $ _____/_____    $ _____/_____

28  _____/_____    $ _____/_____    $ _____/_____

1   9.    Do you have any other debts? (List current obligations, indicating amounts and to

2   whom they are payable.  Do not include account numbers.)

3   _____ N/A _____

4   _____

5   10.    Does the complaint which you are seeking to file raise claims that have been presented

6   in other lawsuits?   Yes ____  No ✓

7   Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in

8   which they were filed.

9   _____ N/A _____

10  _____

11      I consent to prison officials withdrawing from my trust account and paying to the court

12  the initial partial filing fee and all installment payments required by the court.

13      I declare under the penalty of perjury that the foregoing is true and correct and

14  understand that a false statement herein may result in the dismissal of my claims.

15

16  3-10-08                    Kenneth M rask

17   DATE                   SIGNATURE OF APPLICANT

18

19

20

21

22

23

24

25

26

27

28

1
2                                              Case Number: _____
3
4
5
6
7
8                          **CERTIFICATE OF FUNDS**
9                                    **IN**
10                         **PRISONER'S ACCOUNT**
11
12          I certify that attached hereto is a true and correct copy of the prisoner's trust account
13    statement showing transactions of _____ for the last six months
                                              [prisoner name]
14    _____ where (s)he is confined.
              [name of institution]
15          I further certify that the average deposits each month to this prisoner's account for the
16    most recent 6-month period were $ _____ and the average balance in the prisoner's
17    account each month for the most recent 6-month period was $_____.
18
19    Dated:_____          _____
20                                         [Authorized officer of the institution]
21
22
23
24
25
26
27
28

EXHIBIT # A

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region

1. _____
   **CTF-S**
2. _____

Log No. **AUG 13 2007**    Category

1. _____  **07-02592**
2. _____

2ND LEVEL

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| K. Trask | B-92755 | Second Watch D-Wing Porter | D-Wing 333L |

**A. Describe Problem:** In accordance with Title 15 Rules and Regulations, which authorizes the appellant K. Trask, to seek relief pursuant to the Director of Corrections and Rehabilitations via the Inmate Grievance Procedures.  In addition pursuant to (15 CCR) § Article 8. 3354. Health Care Responsibilities and Limitations (a).  Article 1. Behavior 3004. (a), (b) & (c). Article 2. Employees 3413. Incompatible Activity. (a), (1) & (3).  Further pursuant to California Penal Code § 147 Officer Inhumanely or Oppressive Treatment Prisoners; Punishment. Direct Participation, Failure to act and indirect participation.  Which States: [Any person in a position of power who is made aware of wrong doings and have the power to correct it and

If you need more space, attach one additional sheet.  (SUPPLEMENTAL REPORT CONTINUES ON ATTACHED SHEET)

**B. Action Requested:** That both Officer's Abanico and Supervising Officer Prudell be reprimanded Including but not limited to CODE OF ETHIC TRAINING REGARDING PROCEDURAL CONDUCT, and a Written Letter of Instructions in regards to Professional Conduct and a inmates right to be treated with respect as mentioned in CDCR Rules and Regulations.  That NO reprisals or retalitory actions be taken against appellant by Officer's Abanico, Sergeant Prudell, Co-Worker other Supervisors, Staff or Agents for exercising his legal right to appeal.

Inmate/Parolee Signature: _____    Date Submitted: _____

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

RECEIVED
JUL 3 2007
CTF APPEALS

RECEIVED

CTF APPEALS

CDC Appeal Number:

**07-02592**

First Level   ☐ Granted   ☐ P. Granted   ☑ Denied   ☐ Other   JUL 3 2007

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: AUG 1 5 2007

Interviewed by: _____ (SEE ATTACHED)

_____

_____

_____

_____

_____

Staff Signature: _____   Title: _____ S, S, Fr   Date Completed: 8-9-07

Division Head Approved:
Signature: _____   Title: _____ FC   Returned AUG 1 3 2007
Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

In direct response to the First Level Review (supposingly) conducted by G. Elliott Correctional Sergeant CTF-Central/Unit III. On August 9,2007 at approxiately 9:15 p.m. D-Wing Officer opened appellants cell to tell him that Sergeant Elliott wanted to interview him in regards to a 602. When appellant

**(F. DISSATISFIED CONTINUES ON 3 of 5)**

Signature: K. Brass   (3 of 5)   Date Submitted: 8/23/07

Second Level   ☐ Granted   ☑ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned AUG 2 8 2007 _____ Due Date SEP 2 6 2007

☑ See Attached Letter

Signature: _____ AW on   Date Completed: 9/19/07
Warden/Superintendent Signature: _____   Date Returned to Inmate: SEP 2 1 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

In direct response to the second level review appellant again contends that the second level review (as did the first level) neglected and or totally disregarded the unprofessional conduct. The violatio. of numerous CDCR Rules, State And Federal Laws that were sited by Appellant in his original complaint. To not even address Appellants allegations against Sergeant Prudhel And **Continues on 5 of 5**

Signature: Kenneth Brask   Date Submitted: 10/10/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☑ Denied   ☐ Other _____
☑ See Attached Letter   JAN 1 0 2008

Date: _____

CDC 602 (12/87)

(SUPPLEMENTAL REPORT CONTINUES)

fail to do so will lose any immunity and be subjected to Criminal and/or Civil
Lawsuit]. The Courts ruled "If a Supervisor is present on the scene of an unlawful
act by his or her subordinates, or directs in some manner the act in question, he
or she is subject to liability. Maclin v. Paulson. 627 F. 83 (7th Cir., 1980).
Dellums v. Powell.   556 F. 2d. 216 (D.C. Cir. 1977). Aquiescence in the known
acts of subordinates is a sufficient basis for a finding of Supervisorial liability.
Alvarez v. Wilson. 431 F. Supp. 136, 146 (N.D. Ill. 1977) Downs v. Department
of Public Welfare.   368 F. Supp. 454, 464 (E.D. P.A. 1973).

STATEMENT OF FACTS: On June 28, 2007 at approximately 5:45 p.m. appellant tried
to exit D-Wing to go to Central Infirmary. Upon trying to exit appellant was stopped
by C/O Abanico asking him for his I.D. Card and if he had a pass, where in which
appellant gave C/O Abanico his I.D. Card and a pass signed and written by a Central
Medical Facility Doctor to report to the infirmary on (Tuesdays & Thursday at 5:30
p.m) Even though    the infirmary and (East Bound) was being released appellant
was told by C/O Abanico that he could not go east bound. Upon which appellant
asked C/O Abanico why was he being denied to go receive his medical treatment   on
the time in which his pass states particularly when traffic was going that way.
After receiving no response appellant asked to speak with C/O Abanico supervisor
and was denied this request. On or Around 6:15 D-Wing was released for the Evening
Meal, appellant on his way to the infirmary saw Supervising Sergeant Prudell sitting
in C-Wing officer office. ' Appellant then tried to speak with Sgt. Prudell and
was told to talk with the wing Officer's, Appellant then told Sgt. Prudell that
the D-Wing Officer's told me to talk with him. Where in which appellant was told
in a very aggressive and negative tone "My Officer's don't send inmates to talk
to me, KICK ROCKS." Appellant further contends that not only was this Supervising
Sergeant disrespectful and unprofessional in his conduct and manner toward him,
he refused to give appellant his name. Appellant later had to have one of the
M.A.C.'s get his name for him.

Continues on next page
(3-of-5)

$3^{r}$ of $3$

Because of this Supervising Sergeants failure to **(Supervise)** are to even talk
with appellant. by the time appellant was able to make it to the Central
Infirmary he was denied his medical treatment for that evening and was told to
report for treatment the following evening. **3354. Health Care Responsibilities
and Limitation (a) STATES "Authorized Staff, Only facility—employed health care
staff, contractors paid to perform health services for the facility, or persons
employed as health care consultants SHALL be permitted, within the scope of their
licensure, to diagnose illness or, prescribe medication and health care treatment
for inmate. No other personel or inmate may do so.**
Appellant contends that C/O Abanico and his immediate Supervisor Sergeant Prudell
denied him medical treatment that was prescribed by a Medical Doctor. In direct
violation of the above rule and in further violation of **CDCR Rules and Regulations
3004. (a), (b) & (c). Rights and Respect of Others. 3413. (a), (1) & (3)** as
well they are in violation of Penal Code § 147 **Officer Inhumanely or Oppressive
Treatment Prisoners; Punishment. Supervising Sergeant Prudell is also in further
violation of Direct Participation, Failure to act and indirect participation.
And the above mentioned Court Ruling.**

$(3 of 5)$

### (F. DISSATISFIED CONTINUES)

was given the phone the person on the other end identified him-
self as Sgt. Ettiott, and said that he wanted to "Interview"
appellant in regards to the allegations in my 602 written against
C/O Abanico and Sgt. Pruhdell. Appellant was asked one (1)
question, (which can hardly be viewed as a(n) interview) **"Do you
have anything more to add."** This one question interview met with
the approval of the Unit III Facility Captain I. Guerra. There is
no question that this review/so called investigation was bias,
onesided ,one dimensional, and prejudiced. Having met with the
approval of the Unit Facility Captain shines light on the **lack
of concern** that Soledad/CDCR Administrators have toward Officers
who act in their own individual interest and against CDCR Rules

**(F. DISSATISFIED CONTINUES ON PAGE 4)**

(PAGE 4) 6 F *S*

(F. DISSATISFIED CONTINUES)

(PAGE 4)

and Regulations and State as well as Federal laws that govern
the actions and conduct of State Employees.

**STATEMENT OF FACTS:**   Sergeant Elliott nelected and or totally
disregarded  the **unprofessional conduct,** the violation of numerous
CDCR, State and Federal laws that were sited by appellant in this complaint.
Appellant deserves by law to have a(n) unbias non-prejudice qualified investi-
gation of his complaint.  And further to have that investigation reviewed by an
Administrator who themselves take **(every)** allegation alleged by the appellant
and the pending investigation serious and signs her/his name in approval to said
investigation **only** when all allegations have been addressed.

In fact according to **Fed R. C. v P 36(2) Any request directed to a person and/or**
**defendant will be deemed admitted if not responded to.  Not responding to grievance...**
**Lewis v. Washington, 300 F. 3d. 829, 833 (7th Cr. 2002).**

*R. Brach*
*8/23/07*

Correction officer Abanico shows bias/prejudice and a(n) unwillingness of CDCR officials/administrators (Namely all of the above Respondents) as well as other unidentified CDCR Employees. To correct or even to address matters as they relate to Rogue officers who continue to go unchecked in their unlawful, unprofessional acts against Inmates.

K. Trask
# B-42755
K. Trask

(5-of-5)

## DEPARTMENT OF CORRECTIONS AND REHABILITATION
### Correctional Training Facility
### Soledad, California

### Supplemental Page

RE:  **CTF APPEALS LOG# CTF-S-07-02592**
     **First Level Reviewer Response**

TO:  **Inmate Trask B-92755**

**APPEAL DECISION**:
**DENIED**

**APPEAL ISSUE:**
**PROGRAM ISSUE**

**APPEAL RESPONSE:**
On August 9, 2007, at approximately 2115 hours, I interviewed you regarding the allegation made in your appeal. You reiterated your assertions and had nothing further to add.

On July 11, 2007, at approximately 1700 hours, Officer E. Abanico was interviewed. He stated inmate Trask did not have a medical emergency and he was allowed to attend to his medical appointment when D Wing was released since diabetics were being released at the time.

On August 9, 2007, at approximately 2100 hours, Sgt Pruhdell was interviewed. He stated that inmate Trask was released when it was safe to do so. The diabetics were being released at the time and had a higher medical priority. Inmate Trask was released to his medical appointment shortly thereafter.

Officer Abanico released inmate Trask to his medical appointment during the D Wing release per institutional procedures.

Based on the above information, your appeal is **DENIED** at this Level.

G. Elliott
Correctional Sergeant
CTF-Central/Unit III

I. GUERRA
Facility Captain
Ctf-Central/Unit III

## DEPARTMENT OF CORRECTIONS AND REHABILITATION
Correctional Training Facility
Soledad, California

## SUPPLEMENTAL PAGE

RE:   CTF APPEAL LOG No. **CTF-S-07-02592**
Second Level Reviewer's Response

**Trask**              **B-92755**

**APPEAL DECISION:**      **PARTIALLY GRANTED**

**APPEAL ISSUE:**          **PROGRAM**

**APPEAL RESPONSE:**

In your appeal you state the following:

1. That on June 28, 2007 at approximately 1745 hours you tried to exit D-Wing to go to the Central Infirmary. You where denied permission to leave D-Wing by Correctional Officer Abanico despite your medical appointment ducat for 1730 hours that you presented to him.

2. That you asked to speak to Officer Abanico's supervisor but were denied.

3. That at around 1815 hours you seen Correctional Sergeant Prudhel in C-Wing and attempted to speak with him but he told you to go talk to your wing officer. You told him that you already did and they sent you to talk with him. He replied in an aggressive and negative tone, "My officers don't send inmates to talk to me, Kick Rocks."

4. That Officer Abanico's failure to release you and Sergeant Prudhel's failure to supervise his officer lead you to miss your medical appointment. Also, that both Officer Abanico and Sergeant Prudhel acted unprofessional and inhumanely in their dealings with you.

On August 9, 2007, at approximately 2115 hours you were interviewed by Correctional Sergeant G. Elliott to provide you the opportunity to explain you appeal and present supporting information or documents. You reiterated your assertions and had nothing further to add to your appeal. Your appeal was DENIED at the First Level of Review because you were released for your medical appointment in an appropriate manner

Dissatisfied with the First Level Response, you submitted your appeal for a Second Level of Review.

A thorough review of your package and all of your attachments has been made and has revealed the following:

CDC 602 Inmate Appeal
Log # CTF-S-07-02592
Page 2 of 2

1. According to Third Watch, D Wing Custody staff, the diabetics who have a high medical priority were being released from the housing unit.

2. Thereafter, you were released to attend your medical appointment.

Therefore, based upon the aforementioned, your appeal is **PARTIALLY GRANTED** at the Second Level of Review. Specifically, no reprisals or retaliation will be taken towards you by staff for exercising your right to file an appeal.


J. Soares
Associate Warden (A)
CTF-Central

8/19/07
Date


B. Curry
Warden
CTF-Soledad

9/21/07
Date

Delivered To I/m Trask
B-92755
On 10-2-07  C/o R------

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **JAN 1 0 2008**

In re:   Kenneth Trask, B92755
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0711742        Local Log No.: CTF-07-02592

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on June 28, 2007, housing unit custody staff at the Correctional Training Facility (CTF) inappropriately denied him the ability to leave the housing unit to attend his medical appointment. The appellant states that he had a priority ducat, but staff did not let him leave the facility. Additionally, when the appellant attempted to speak with the facility's supervisor about the officer's behavior, Correctional Sergeant Prudhel, the sergeant was unresponsive and unprofessional. The appellant requests on appeal that all involved staff be reprimanded for their actions, including a letter of instruction to be placed in their personnel files.

**II   SECOND LEVEL'S DECISION:** The reviewer found that an appeal inquiry was conducted into the appellant's complaint pursuant to departmental policy. The inquiry revealed that the appellant failed to support his appeal issue with any facts. The interviewed staff noted that although the appellant's release was delayed due to the need to release diabetic inmate with a higher medical priority. The appeal was granted in part as staff will not retaliate against the appellant for submitting this appeal.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff. An appeal inquiry was conducted by supervisory staff. The appeal was reviewed by the institutional hiring authority in accordance with Administrative Bulletin (AB) 05/03. A determination was made that the appeal did not meet the requirement for assignment as a staff complaint. The appellant did not support his claim of unprofessional behavior on the part of custody staff. Furthermore, the appellant did attend his medical appointment and it appears he did not suffer any adverse affect.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action against staff is beyond the scope of the departmental appeals process. The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the institution. Therefore, no relief will be afforded the appellant at the Director's Level of Review.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3004, 3270, 3271, 3391
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the Institution.

KENNETH TRASK, B92755
CASE NO. 0711742
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Appeals Coordinator, CTF

EXHIBIT # B

ORDER BED ☑ NOT IN MENTAL HEALTH PROGRAM ☐ DPP ☐ DDP PV-RTC TABE SCORE: "B2"

STATE OF CALIFORNIA

## RULES VIOLATION REPORT

804 & COPY TO RECORDS DATED _____ by _____

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO. III- |
|---|---|---|---|---|---|---|---|
| B92755 | TRASK, K. | | | | CTF-C | DW-333L | 09-07-18 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS Threatening the Life of a | | | | LOCATION D-Wing | DATE | TIME |
| CCR § 3005 (c) | Public Official (PC 76) | | | | Door | 9/13/2007 | 1800 HRS |

CIRCUMSTANCES On September 13, 2007, at approximately 1800 hours, I was assigned as 'D' Wing Security Officer, performing the evening meal release. Inmate TRASK, B92755, DW-333L, was approaching to exit 'D' Wing, when I asked for his Identification Card. After I verified his name on the list, Inmate TRASK was released for Ramadan. I checked the next inmate to see if he was on the list. Inmate BENFORD, H11017, DW-338L, was not on the list. I told Inmate BENFORD to go back inside the wing and wait for the meal release. Inmate TRASK, while leaving for Ramadan, told Inmate BENFORD that he is going to talk to the Lieutenant. As Inmate TRASK was pointing to me, he said, "We will kill this Mother Fucker." I feared for my life. I gave Inmate TRASK a direct order to turn around and place his hands behind his back. I then placed mechanical restraints (handcuffs) on Inmate TRASK and he was escorted to the Central Facility Holding Cell. It appears Inmate TRASK is not a patient/participant in the Mental Health Services Delivery System at any level of care. Inmate TRASK did not display any bizarre, unusual, or uncharacteristic behavior to suggest a possible mental disorder; therefore, he was not referred to the Mental Health Department for evaluation/assessment. Inmate TRASK's TABE/Reading score is at the 9.9 level.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ E. B. ABANICO, Correctional Officer | | | 'D' Wing Sec. Officer | S/M |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☑ INMATE SEGREGATED PENDING HEARING | | |
| ▶ D. L. SCOTT, Correctional Sergeant | | By: | | |
| | | DATE 9/13/2007 LOC. | | XW-340L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | | | | |
| ☑ SERIOUS  (121-150)  B | | | ▶ J. A. KEENER, Correctional Lieutenant | HO ☑ SHO | SC | FC |

### COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|---|
| | ▶ | | | | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | | | | | |

EARING

ERRED TO    CLASSIFICATION    BPT/NAEA

| ON BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |
| EWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| | | ▶ | | |
| OPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | |

115 (7/88)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INST | LOG NO. |
|---|---|---|---|---|---|
| B92755 | TRASK, K. | CCR § 3005 (c) | 9/13/2007 | CTF-C | III-09-07-18 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☑ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | | |
| ☐ I REVOKE my request for posponement. | INMATE'S SIGNATURE ▶ | | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE           NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE           NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE INFORMATION REQUESTED

## WITNESSES

WITNESSES REQUESTED AT HEARING  (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☑ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVEST. REPORT ISSUED BY | DATE | TIME | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|---|---|
| COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | | TIME | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**

CDC 114-D (Rev 10/99)

| DISTRIBUTION: |
|---|
| WHITE-CENTRAL FILE          CANARY-WARDEN |
| BLUE-INMATE (2ND COPY)      GOLDENROD-HEALTH CARE MGR |
| GREEN- ASU                  GOLDENROD-INMATE (1ST COPY) |

| INSTITUTION NAME | INMATE'S NAME | CDC NUMBER | HOUSING |
|---|---|---|---|
| **CTF-CENTRAL** | **TRASK** | **B-92755** | **XW-340L** |

## REASON(S) FOR PLACEMENT (*PART A*)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHER

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY          ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On September 13, 2007, you were originally placed on Administrative Segregation due to Threatening a Public Official. The projected MERD is 1-6-08 for the aforementioned offense. The case was referred to the Monterey District Attorney's Office on 10-12-07 and is currently pending possible criminal prosecution and RVR adjudication. On January 7, 2008, Officer Abanico was interviewed concerning the Threat. Officer Abanico stated that he continues to feel threatened by Inmate Trask if released into the general population. Refer to 128B dated 1/7/08, authored by CCII D. Carnazzo. Based on the aforementioned, your continued presence in the CTF General Population presents an immediate threat to the safety of staff and other inmates as well as endangers Institution security. You will remain on Administrative Segregation Status pending adjudication of disciplinary action and Institution Classification Committee review for more appropriate housing/programming needs. As a result of this placement, your credit earning, custody level , privilege group and visiting status are subject to change. You are not a patient/participant in the Mental Health Services Delivery System at any level of care and your TABE reading score is at 9.9 level. This placement is authorized by P. Acosta, Unit III Program Lieutenant, CTF Central Facility.

| ☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / |
|---|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINT NAME | SIGNATURE | TITLE |
|---|---|---|---|
| **9/13/07** | P. Acosta | | **Lieutenant** |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| **1/07/08** | | | | **Lieutenant** |

| ☑ INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |
|---|---|---|---|

## ADMINISTRATIVE REVIEW (*PART B*)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|

IS THIS INMATE:

| | | | | | | |
|---|---|---|---|---|---|---|
| ILLITERATE? | YES ☐ NO ☐ | ASU FOR NONDISCIPLINARY REASONS | | YES ☐ | NO | |
| NOT FLUENT IN ENGLISH? | YES ☐ NO ☐ | EVIDENCE COLLECTION NECESSARY | | YES ☐ | NO | |
| UNABLE TO COMPREHEND ISSUES? | YES ☐ NO ☐ | WITNESSES REQUESTED | | YES ☐ | NO | |
| IN THE MHSDS? | YES ☐ NO ☐ | INMATE REQUESTS ASSIGNMENT OF IE | | YES ☐ | NO | |
| DDP, OR DPP WHICH REQUIRES SA ASSIGNMENT? | YES ☐ N/A ☐ | DECLINED FIRST IE | | YES ☐ | N/A | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | YES ☐ N/A ☐ | | | | | |

| Any "YES" requires SA assignment | ☐ NOT ASSIGNED | Any "YES" may require IE assignment | ☐ NOT ASSIGNED |
|---|---|---|---|

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|

## WITNESSES REQUESTED FOR ICC HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

| **INMATE WAIVERS** | ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME |
|---|---|

| INMATE SIGNATURE | DATE |
|---|---|

| **DECISION:** ☐ RELEASE TO UNIT/FACILITY | ☐ RETAIN PENDING ICC REVIEW | ☐ DOUBLE CELL | ☐ SINGLE CELL PENDING ICC |
|---|---|---|---|

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | REVIEW DATE | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|

| ASSOCIATE WARDEN'S PRINTED NAME (if necessary – same date of review) | ASSOCIATE WARDEN'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|

**See Chronological Classification Review document (CDC 128-G) for specific hearing information**

# MONTEREY COUNTY

## OFFICE OF THE DISTRICT ATTORNEY
## DEAN D. FLIPPO

240 CHURCH STREET – P.O. BOX 1131 SALINAS, CALIFORNIA 93902
(831) – 755-5070         FAX (831) – 755-5068



February 15, 2008

ATTN: Warden
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

### RE:    TRASK – B92755

Your incident report dated September 13, 2007 has been reviewed and evaluated. We
decline prosecution as we feel this matter could best be handled administratively.

Very truly yours,

DEAN D. FLIPPO
District Attorney

Deborah Gullett
Deborah Gullett
Deputy District Attorney

I.R.  CTF-07-09-0331
**Orig: Central File**
Cc:    Assoc. Warden's File
          Facility Captain
          Inmate
          ISU File


FEB 2 1 2008

CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    Arnold Schwarzenegger, *Governor*

**ON OF ADULT INSTITUTIONS**
**:ECTIONAL TRAINING FACILITY**
3ox 686, Soledad, CA 93960





<u>**Transmittal of Incident Report Number:**</u>

**CTF-CEN-07-08-0331**

<u>**Incident:**</u>  **THREATENING THE LIFE OF A
PUBLIC OFFICIAL**

<u>**Inmate(s):**</u>  **Keneth Trask, B-92755**

Incident Package Completion Date: <u>September 26, 2007</u>

District Attorney
P. O. Box 1369
Salinas, Ca 93902

Attention:       Prison Prosecutor
                 Deputy District Attorney

We are enclosing copies of an Incident Report on the above named subject(s) for review by your office and decision on whether or not you intend to prosecute in this matter.

We would greatly appreciate a reply from your office within five (5) working days so that timely disposition can be made of our Institutional Disciplinary Reports.

Thank you for your cooperation in this matter.

Sincerely,

B. Curry
Warden
Correctional Training Facility

Attachments:
        Incident Reports (1)
        JUS 8715 Form

cc:    I. S. U.
        Associate Warden
        Facility Captain – Unit III
        CDC-115/C-File
        Inmate

PAGE 1 OF 10
DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.2

| Page 1 of 5 | INCIDENT LOG NUMBER CTF-CEN-07-09-0331 | INCIDENT DATE 09/13/2007 | INCIDENT TIME 18:10 |
|---|---|---|---|

| FACILITY LEVEL I ☑ II ☐ RC III ☐ IV ☐ | INCIDENT SITE CTF-CENTRAL | LOCATION WEST CORRIDOR | PROGRAM GP | AD/SEG YARD N/A | USE OF FORCE: No |
|---|---|---|---|---|---|

| Officer — THREATENING THE LIFE OF A | ☑ CCR ☑ PC ☐ N/A 3005-c1 Force or Violence PC 076 | NUMBER / SUBSECTION -- |
|---|---|---|

| CRISIS RESPONSE TEAM ACTIVATED ☐ Yes ☑ No | MUTUAL AID ☐ Yes ☑ No | PIO/AA NOTIFIED ☐ Yes ☑ No |
|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| | ☑ N/A | ☑ N/A  Other Desc: |

| INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|
| | ☑ N/A |

| SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| | | ☑ N/A | ☑ N/A  EXTRACTION: ☑ N/A |

DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)

... ...mber 13, 2007, at approximately 1810 hours, Inmate Trask, B-92755 D-wing 333 Low, threatened to kill
... ...al Officer E. Abanico. No use of force and no injuries to staff or inmates.

NARRATIVE SYNOPSIS / SUMMARY ON PART A1

| REPORTING STAFF (PRINT/TYPE) | TITLE CORRECTIONAL LIEUTENANT | ID# | BADGE # 55093 |
|---|---|---|---|

CRIME / INCIDENT REPORT

DV-1.5.2

| PART A1 - SUPPLEMENT | | INCIDENT LOG NUMBER | |
|---|---|---|---|
| CDCR 837-A1 (REV. 10/06) | Page 2 of 5 | CTF-CEN-07-09-0331 | |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| CTF | CEN - UNIT III | 09/13/2007 | 18:10 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT ☐ SUPPLEMENTAL INFORMATION ☐ AMENDED INFORMATION ☐ CLOSURE REPORT

NO USE OF FORCE

Specifically, Officer Abanico along with Correctional Officer G. Ramirez were releasing D-wing inmates for insulin shots and Ramadan. Inmate Trask was released for Ramadan out of D-wing and Officer Abanico asked for his identification card; he refused to present his identification card. Finally the Officer received the card and was able to verify that the inmate was on the list for Ramadan. Officer Abanico directed Inmate Trask to report to Ramadan. Inmate Benford, H-11017 exited the wing and presented his I.D. card to Officer Abanico, however, Inmate Benford was not on the list for release. Officer Abanico directed Inmate Benford to return to the unit and wait for the evening meal release. Inmate Trask who was lingering, overheard the conversation between Officer Abanico and Inmate Benford, and stated loudly that he would go see the Lieutenant and then pointed at Officer Abanico and told Inmate Benford that "We will kill this mother fucker". Officer Abanico felt threatened by the statements and attitudes of Inmate Trask. Ensuring that Inmate Trask did not take out his exhibited anger on another staff member or inmate, Officer Abanico acted quickly to stop the threat by ordering Inmate Trask to comply with being placed into handcuffs. Inmate Trask complied without further incident and was escorted away from the incident site and later placed in Administrative Segregation.

This report is a compilation of the involved staff's written and verbal reports.

SUSPECTS: Inmate Trask, Black, is not noted as being a member of any gang or disruptive group and is not a participant in the Mental Health Services Delivery System.

VICTIM: Correctional Officer E. Abanico

USE OF FORCE: No force was reported.

ESCORTS: Officer Ramirez escorted Inmate Trask to a holding cell. Later, uninvolved staff escorted Inmate Trask to the Administrative Segregation unit.

CRIME SCENE/EVIDENCE: No evidence was collected.

MEDICAL/MENTAL HEALTH EVALUATIONS/TREATMENT: Licensed Vocational Nurse M. Payne conducted a medical examination of Inmate Trask, noting no injuries. No other injuries were reported.

A CDC 128B referral for Mental Health Evaluation was not submitted; Inmate Trask is not a participant in the MHSDS and was not exhibiting bizarre unusual or uncharacteristic behavior.

CONCLUSION: Inmate Trask will be issued a Rule Violation Report, charging him with violating the California Code of Regulations, Title 15, Section 3005(c), Force & Violence, and Penal Code 76 for the specific act of Threatening the life of a Public Official. Inmate Trask was read his rights pursuant to the Miranda decision on September 14, 2007 by Correctional Sergeant D. Burnham. There was no damage to state property as a result of this incident.

NOTIFICATIONS: This incident will be referred to the Monterey County District Attorneys Office for felony prosecution if deemed appropriate by the Institutional Investigator. A CCPOA representative was notified regarding the assault. All appropriate Administrative staff has been informed of this incident, the news media was not. You will be apprised of any additional information via supplemental report(s).

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE: | ID# | BADGE # |
|---|---|---|---|
| P. ACOSTA | CORRECTIONAL LIEUTENANT | | 55093 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT: INCIDENT SITE | DATE |
| | | 4039 | 9/14/07 |
| NAME OF WARDEN/AOD (PRINT/ SIGN) | | TITLE | DATE |
| I. GUERRA | | FACILITY CAPTAIN | 9/14/07 |

**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDCR 837-B1 (REV. 10/06)

Page 3 of 5

| INSTIUTTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CTF | CEN - UNIT III | CTF-CEN-07-09-0331 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | | FIRST | | MI | CDC # | SEX | ETHNICITY | FBI #: | CII #: |
|---|---|---|---|---|---|---|---|---|---|
| TRASK | | KENETH | | NMI | B-92755 | M | BLA | | |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | | | | | | | | | |

| CURRENT INMATE LEVEL | ☐ CCCMS ☐ EOP ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|
| II | | | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE

| ☑ N/A | ☐ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE | | ☐ REFUSED TREATMENT  ☑ N/A | |

| Reason For Death: | Is There ASCA Seious Injury ☑ N/A | PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|---|
| | ⦿ No    ○ Yes | | |

# CRIME / INCIDENT REPORT

**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

Page 4 of 5

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CTF | CEN - UNIT III | CTF-CEN-07-09-0331 |

### STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|
| ACOSTA | P. | | | CORRECTIONAL LIEUTENANT | | M | HIS | F/S |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| INCIDENT COMMANDER | 55093 | 2916754 | | LT UNIT III |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A   ☐ TREATED AND RELEASED   ☐ REFUSED TREATMENT   ☐ HOSPITALIZED   ☐ DECEASED DATE

Is There ASCA Serious Injury  ⦿ No  ○ Yes

USED FORCE  ☐ Yes  ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE  ☐ Yes  ☑ No

| NAME: LAST | FIRST | | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|
| BURNHAM | D. | | | CORRECTIONAL SERGEANT | | M | WHI | S/M |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| OBSERVER | 46654 | 2914914 | | UNIT III SERGEANT |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A   ☐ TREATED AND RELEASED   ☐ REFUSED TREATMENT   ☐ HOSPITALIZED   ☐ DECEASED DATE

Is There ASCA Serious Injury  ⦿ No  ○ Yes

USED FORCE  ☐ Yes  ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE  ☐ Yes  ☑ No

| NAME: LAST | FIRST | | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|
| PRUDHEL | J. | | | CORRECTIONAL SERGEANT | | M | WHI | S/S |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | 66609 | 2914275 | | SGT IIIA |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A   ☐ TREATED AND RELEASED   ☐ REFUSED TREATMENT   ☐ HOSPITALIZED   ☐ DECEASED DATE

Is There ASCA Serious Injury  ⦿ No  ○ Yes

USED FORCE  ☐ Yes  ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE  ☐ Yes  ☑ No

# CRIME / INCIDENT REPORT

## PART B2 - STAFF
CDCR 837-B2 (REV. 10/06)

Page 5 of 5

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER | |
|---|---|---|---|---|
| CTF | CEN - UNIT III | | CTF-CEN-07-09-0331 | |

### STAFF (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|---|
| ABANICO | | E. | | | CORRECTIONAL OFFICER | | M | Othee | S/M |
| PARTICIPANT | | BADGE # | ID # | | | POST ASSIGN # | | POSITION | |
| PRIMARY | | 68973 | 2915829 | | | | | D-WING SECURITY DOOR | |

☑ N/A  DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A  NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A ☐ REFUSED TREATMENT ☐ DECEASED DATE | ☐ TREATED AND RELEASED ☐ HOSPITALIZED | USED FORCE ☐ Yes ☑ No TYPE OF FORCE: | PROCESSED EVIDENCE ☐ Yes ☑ No |
|---|---|---|---|---|
| Reason For Death | | | | |
| | Is There ASCA Serious Injury ⦿ No ◯ Yes | | | |

| NAME: LAST | | FIRST | | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|---|
| RAMIREZ | | G. | | | CORRECTIONAL OFFICER | | M | HIS | T/W |
| PARTICIPANT | | BADGE # | ID # | | | POST ASSIGN # | | POSITION | |
| RESPONDER | | 69731 | 2914358 | | | | | G-WING SECURITY | |

☑ N/A  DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A  NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A ☐ REFUSED TREATMENT ☐ DECEASED DATE | ☐ TREATED AND RELEASED ☐ HOSPITALIZED | USED FORCE ☐ Yes ☑ No TYPE OF FORCE: | PROCESSED EVIDENCE ☐ Yes ☑ No |
|---|---|---|---|---|
| Reason For Death | | | | |
| | Is There ASCA Serious Injury ⦿ No ◯ Yes | | | |

| NAME: LAST | | FIRST | | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|---|
| PAYNE | | M. | | | LICENSED VOCATIONAL NUR | | F | BLA | V/ARY |
| PARTICIPANT | | BADGE # | ID # | | | POST ASSIGN # | | POSITION | |
| OBSERVER, MED | | N/A | 2915760 | | | | | INFIRMARY | |

☑ N/A  DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A  NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A ☐ REFUSED TREATMENT ☐ DECEASED DATE | ☐ TREATED AND RELEASED ☐ HOSPITALIZED | USED FORCE ☐ Yes ☑ No TYPE OF FORCE: | PROCESSED EVIDENCE ☐ Yes ☑ No |
|---|---|---|---|---|
| Reason For Death | | | | |
| | Is There ASCA Serious Injury ⦿ No ◯ Yes | | | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE \_\_\_\_ OF \_\_\_\_

INCIDENT LOG NUMBER
CEN-07-09-

| NAME: LAST | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|
| TRUDHEL | J | | P | 09-13-07 | 1810 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| | UNIT 3A SGT. | 4 YR. 11 MO. | | 09-13-07 | CENTRAL CENTER CORR. |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | | CCR SECTION / RULE | N/A |
|---|---|---|---|---|---|
| S/S | 14/2200 | THREATENING A PUBLIC OFFICIAL | | 3005C | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | S/o ABANICO (S) | I/m TRASK (S) B-92755, D-333 L |
| ☒ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USE BY YOU |
|---|---|---|---|

| FORCE USED BY YOU | NO: | NO: | TYPE: | TYPE: |
|---|---|---|---|---|
| ☐ WEAPON | | | | |
| ☐ PHYSICAL | ☐ MINI-14 | ☐ 37MM | ☐ OC | |
| ☐ CHEMICAL | ☐ 9 MM | ☐ 40 MM | ☐ CN | |
| ☒ NONE | ☐ 38 CAL | ☐ L8 | ☐ CS | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ 40 MULTI | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | ☒ N/A | |
| ☐ CHEMICAL | | | | |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN  ☒ NO | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:**

ON SEPTEMBER 13, 2007, AT ABOUT 1810 HOURS, I WAS
INFORMED BY OFFICER ABANICO THAT INMATE TRASK,
B-92755, D-333 LOW, SAID HE WAS GOING TO KILL HIM. AT
THIS TIME INMATE TRASK WAS ALREADY IN THE CENTRAL
FACILITY HOLDING CELL. I ASKED OFFICER ABANICO IF HE
HAD ANY INJURIES? HE SAID "NO". I THEN OFFERED
OFFICER ABANICO AN EMPLOYEE ASSISTANT PROGRAM
CARD AND ASKED IF HE FELT HE NEEDED TO CONTACT
THEM? A HE DECLINED.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | SGT. | 66609 | 9-13-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☒ YES ☐ NO | ☐ YES ☒ NO | 9/17/07 |

Distribution: Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**PART C – STAFF REPORT**

CDCR 837-C (10/06)

PAGE _1____ OF _1____

INCIDENT LOG NUMBER

CTF-CEN-07-09-0331

| NAME: LAST | | FIRST | | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|---|
| Abanico | | E | | | 09/13/07 | 1800 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 311160 | D-Wing Security Officer | 2 YR. 11 MO | 09/13/07 | CTF Central Facility Center Corridor |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | | CCR SECTION / RULE |
|---|---|---|---|---|
| S/M | 1400-2200 | Threatening The Life of a Public Official | | 3005 (c) |

| YOUR ROLE | WITNESS (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | Officer Ramirez G-Wing | (S) | Trask (B-92755) DW-333 | (S) |
| ☐ RESPONDER | Sgt Prudhel | (S) | Benform (H-11017) | (W) |
| ☐ WITNESS | | | | |
| ☒ VICTIM | | | | |
| ☐ CAMERA | | | | |
| ☐ SCRIBE | | | | |

| FORCE USED BY YOU | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | | | |
|---|---|---|---|---|---|---|---|
| | ☒ N/A | **WEAPON** | **WARNING:** | **EFFECT:** | **LAUNCHER:** | **EFFECT:** | **CHEMICAL/TYPE:** |
| ☐ WEAPON | | ☐ MINI 14 | | | ☐ 37MM | | ☒ N/A |
| ☐ PHYSICAL | **FORCE:** | ☐ .38 CAL | | | ☐ L8 | | ☐ OC |
| ☐ CHEMICAL | ☐ EXPANDABLE BATON | ☐ 9MM | | | ☐ 40MM | | ☐ CN |
| ☒ NONE | ☐ PHYSICAL FORCE | ☐ SHOTGUN | | | ☐ 40 MM MULTI | | ☐ CS |
| **FORCE OBSERVED BY YOU** | ☐ X10 | X N/A | | | ☐ HFWRS | | ☐ OTHER |
| ☐ WEAPON | | | | | | | |
| ☐ PHYSICAL | | **EVIDENCE DESCRIPTION** | | **EVIDENCE DESCRIPTION** | | **BIO HAZARD** | **PPE** |
| ☐ CHEMICAL | ☒ N/A | | ☒ N/A | | | | |
| ☒ NONE | | | | | | ☐ YES | ☐ YES |
| **EVIDENCE COLLECTED BY** | | | | | | ☒ NO | ☒ NO |
| ☐ YES | **DESCRIPTION OF INJURY** | | **LOCATION TREATED (HOSPITAL / CLINIC)** | **FLUID EXPOSURE** | | SCIF 3301 / 3067 COMPLETED | |
| ☒ NO | ☒ N/A | | ☒ N/A | ☐ BODILY   ☒ N/A | | | |
| **REPORTING STAFF INJURED** | | | | ☐ UNKNOWN | | ☐ YES | |
| ☐ YES | | | | ☐ OTHER: _____ | | ☒ NO | |
| ☒ NO | | | | | | | |

NARRATIVE:

On 9/13/07 at approximately 1800 hours, I was assigned as D-Wing Security Officer performing corridor coverage for the evening meal. Before the evening meal begins, D-Wing released all double dots diabetics and Ramadan Inmates. As the double dots and Ramadan Inmates leave the D-Wing, I checked their Identification Card to see if they have double dots on their identification card and if they are on the Ramadan list. When an inmate, identified by his photo identification card named Trask (B-92755) DW-333, was approaching to exit D-Wing, I asked for his identification card. Inmate Trask gave me an attitude while giving me his identification card by not handing it to me and giving me an angry look on his face. Inmate Trask wanted me to reach over to get his identification card, which I did. After I checked for his name on the list and it was all right, I released him to go to Ramadan. I checked the next inmate to see if he's on the list. The inmate's name is Benford (H-11017) DW-338 and he was not on the list. I told Inmate Benford to go back inside the wing and wait for the meal release. Inmate Trask, while lingering to go to Ramadan, told Inmate Benford, loudly with a high tone of voice, that he is going to talk to the Lieutenant. As Inmate Trask was pointing to me, he also said that "we will Kill this Mother Fucker". I felt threatened for my life by the statements and attitudes of Inmate Trask. Ensuring that Inmate Trask did not take out his evident anger on another staff member or inmate, and the safety and security of the institution, I acted quickly to stop the threat. I ordered Inmate Trask to place his hands on the wall, for my safety, to which he complied, then I placed him in mechanical restrains. Officer Ramirez, G-Wing Security Officer, escorted Inmate Trask to the holding cell. I informed my supervisor, Sgt J Prudhel, of the incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | Correctional Officer | 68973 | | 09/13/07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| Sgt J Prudhel / Unit III Sergeant | 9-21-07 | ☒ YES   ☐ NO | ☐ YES   ☒ NO | 9-21-07 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**

CDCR 837-C (REV. 10/06)

Page _1_ of _1_

INCIDENT LOG NUMBER
CTF-CEN-07-09-0331

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Ramirez | G. | | 9-13-07 | |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 311183 | G-Wing Security | 2 YR. | MO. | 9-17-07 | Outside G-wing |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| 7/W | 1400-2200 | Mutual Combat # Public Officer | 3005(C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES) |
|---|---|---|

YOUR ROLE:
☒ PRIMARY
☒ RESPONDER
☐ WITNESS
☐ VICTIM
☐ CAMERA
☐ SCRIBE

Witnesses: G. Ramirez (S)
Inmates: I/m Trask (S)  B-92755, D-333

**FORCE USED BY YOU** — TYPE OF WEAPON / SHOTS FIRED / FORCE

FORCE USED BY YOU:
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

FORCE OBSERVED BY YOU:
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

☒ N/A

WEAPON:
☐ MINI 14
☐ .38 CAL
☐ 9MM
☐ SHOTGUN

FORCE:
☐ EXPANDABLE BATON
☐ PHYSICAL FORCE
☐ X10

WARNING  EFFECT:

LAUNCHER:
☐ 37MM
☐ L8
☐ 40MM
☐ 40 MM MULTI
☐ HFWRS

EFFECT#:

CHEMICAL/ TYPE:
☒ N/A
☐ OC
☐ CN
☐ CS
☐ OTHER

| EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ Yes  ☒ No | ☐ Yes  ☒ No |

EVIDENCE COLLECTED BY:
☐ Yes
☒ No

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ BODILY  ☐ UNKNOWN  ☐ OTHER ___  ☒ N/A | ☐ Yes  ☒ No |

REPORTING STAFF INJURED:
☐ Yes
☒ No

NARRATIVE:

On 9-13-07 at approx 1810hrs while working my assigned post G-wing door security door I S/O G. Ramirez saw I/m Abalos place I/m Trask in restraints I then took I/m Trask to the Central Facility Holding Cell.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| | S/O | 69791 | | 9-17-07 |

| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| J. Guerra | 9-21-07 | ☐ Yes  ☐ No | ☐ Yes  ☐ No | 9-21-07 |

# CORRECTIONAL TRAINING FACILITY
## at SOLEDAD

## *NOTICE OF RIGHTS*

Inmate ___TRASK_____, CDC Number __B - 92755__, because you are suspected

of __THREATENING A PEACE OFFICER_____

I wish to ask you some questions.  It is my duty to inform you that:

1. You have the right to remain silent.

2. Anything you say can and will be used against you in a court of law.

3. You have right to talk to an attorney and have him present, with you, while you are being questioned.

4. If you cannot afford to hire an attorney, one will be appointed to represent you before any questioning, if you wish

5. You can decide at any time to exercise these rights and not answer any questions or make any statements.

6. A Rules Violation Report (CDC 115) is being submitted, and this matter is being referred to the Monterey County Attorney's Office for possible felony prosecution.

   1. Do you understand each of these rights I have explained to you?

   2. Having these rights in mind, what do you wish to do?

| 1548 | 9/14/07 | _____ |
|------|---------|--------------------------|
| Time | Date | Signature of Interviewer |

I understand that I have each of the rights explained above, and having them in mind, I

☒ **WISH TO WAIVE** them and will answer questions and/or make a statement.

| _____ | B-92755 | 9/14/07 |
|--------------|---------|---------|
| Inmate's Signature | CDC Number | Date Signed |

☐ **DO NOT WISH TO WAIVE** them and choose to remain silent.

| _____ | _____ | _____ |
|--------------|--------------|--------------|
| Inmate's Signature | CDC Number | Date Signed |

**WITNESSED BY:**

| 1549 | 9/14/07 | A. REYES | _____ |
|------|---------|----------|------------------|
| Time | Date | Printed Name | Signature of Witness |

*[  ] Subject refused to sign.*

_____, Sgt.
Signature of Interviewer

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

| NAME OF INSTITUTION CTF | FACILITY/UNIT Central | REASON FOR REPORT *(circle)* INJURY USE OF FORCE UNUSUAL OCCURRENCE | | ON THE JOB INJURY PRE-AD/SEG ADMISSION | DATE 9-13-07 |
|---|---|---|---|---|---|

| THIS SECTION FOR INMATE ONLY | NAME LAST Trask | FIRST kenneth | CDC NUMBER B92755 | HOUSING LOC. D-333L | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE Center Corridor | DATE/TIME OF OCCURRENCE 9-13-07 1815 | NAME OF WITNESS(ES) N/A | | |
|---|---|---|---|---|
| TIME NOTIFIED 1930 | TIME SEEN 1935 | ESCORTED BY Aguirre | MODE OF ARRIVAL *(circle)* LITTER (AMBULATORY) WHEELCHAIR ON SITE | AGE 51 | RACE Black | SEX Male |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

I/M States " I don't know "

| INJURIES FOUND? YES (NO) | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME N/A | PHYSICIAN NOTIFIED/TIME N/A |
|---|---|

TIME/DISPOSITION

RTC. 1936

| REPORT COMPLETED BY/TITLE *(PRINT AND SIGN)* Nupha Pdyn | BADGE # 0915760 | RDOs Sun/Mon |
|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC 7219 (Rev. 08/04)    DISTRIBUTION:    ORIGINAL - CUSTODY    CANARY -Inmate/Employee    PINK - Health and Safety / RTW Coordinator *(only work related injury)*

EXHIBIT#C

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. CTF-S    07-02424    SEP 24 2007
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| K. Trask | B-92755 | Second Watch Porter D-Wing | D-Wing 333L |

A. Describe Problem: This Inmate Appeal is being submitted as a EMERGENCY GROUP APPEAL, pursuant to California Code of Regulations and Rehabilitations CCR. Title 15 3084.7. & 3084. 2. (f) Also pursuant to 3084. 1. Right to Appeal (d) WHICH STATES: No reprisal shall be taken against an inmate for filing an appeal. This group appeal is being submitted as a result of the Continuous Repetitive and Increasingly Unprofessional conduct including Harassment, Verbal Abuse and Aggressive actions perpetrated against the inmates housed in Central Facility D-Wing by C/O Abanico. Creating a Hostile Environment and Intense Atmosphere. Appellant's further contend that these actions are sometime viewed and seemingly condoned by Central Facility

If you need more space, attach one additional sheet.

B. Action Requested: .... That (NO) reprisals/retalitory actions of harassment by C/O Abanico or Co-Worker's, Supervising Staff, Employees or Agents. His immediate removal from present Job Post (Central Facility D-Wing Door Officer or Wing Officer). That he be reprimanded including but not limited to Code of Ethics Training regarding Procedural Conduct and a Written Letter of Instruction. That he be ordered to Cease and Desist all Illegal Acts against Inmates.

Inmate/Parolee Signature: K. Trask    Date Submitted: June 22, 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

JUN 26 2007
CTF Appeals

RECEIVED
OCT 19 2007
INMATE APPEALS BRANCH

07-02484

| NAME | CDC # | CELL |
|---|---|---|
| Brown | V50889 | -334 L |
| Ainsworth | H-76014 | 139L |
| Bruins | K-19382 | 201 B |
| Andersa | ---- | 105 4 |
| N. Mooeens | K-----5 | 240 L |
| anthony ---- | ---- | ---- |
| A---and ---- | T5236R | |
| James Calhoun | K-73962 | |
| M---- | T33-5 | |
| Barfield Boris | V-8---089 | |
| ---- | E-4-825 | 304 |
| ---- | K4-663 | 30? |
| ---- | -----40 | -D.W.320 |
| Andersyn M. | P-29881 | -D-121 up |
| Villa | D08412 | D42-- V |
| ---- | J-26628 | 319 |
| ---- | H---0005 | 109 C |
| ---- | K-70809 | 205 L |
| Valenzuela | J73309 | D228 |
| Johnson | C-36895 | 123" |
| ---- | H72373 | D106 |
| ---- | J-11450 | D327 |
| McKenzie J | T59128 | DW 242 |
| ---- | K-429-- | D-W 201A up |
| ---- | 15 D7954 | D wing 201L |
| Terrance ---- | J-61920 | |
| ---- | ----D-136 U | |
| ---- | D94110 | D-122 4 |
| John Ber---- | 64498 | D-313 L |
| ---- | E55251 | -3 15L |
| ---- | 3628 | D-136 L |
| ---- | K-3216 | D-22C |
| Edward ---- | K-06192 | D-227 L |
| Bagsby, W. | K----- | D230 |

| NAME | CDC # | CELL |
|---|---|---|
| ---- Bm | E29857 | 226 up |
| Robert Bristol | H00463 | 226 Low |
| S.B Murray | T-31304 | 222 U |
| INGRAM ---- | E22526 | 129-LOW |
| Jack ---- | 4-1017 | 234 Low |
| ---- | ---- | 218 Low |
| ---- | D20043 | -2/P |
| Johnson | D-W 203 | K 62454 |
| ---- | DW 2P13 | C-4373 |
| HARRIS | DW-118 | D-20759 |
| ---- | H-63394 | -D-119 |
| ---- | T94665 | D-118 |
| S. ---- | H-77962 | D 128 up |
| Lee ---- | | D-25499 |
| Manuel Nutta | T-74053 | D-232 |
| ---- | Nbv004 | D215 L |
| Robert ---- | | D-8093 |
| Cauness Steph--- | E-47178 | |
| Craig, Ben--- | -----301 | D21. |
| ---- | P-31128 | D 29 |
| T.C. ---- | E-69529 | D-237 |
| D. ---- | K-17433 | 333 L |
| M. CLEMONS | H-2----1 | 2WNIL |
| GALAZ S. | H-71984 | 318 |
| ---- A | P-05537 | |
| ---- | ----S105 | |
| Joel Hidal--- | K-6---- | DW 21U |
| ---- | E---12 | DW 216 338 |
| ---- Mag--- | ----242 | 3-4 219 |
| James L. Williams | ----20. | D wing Low |
| Robert Bryan | D-3-- | |
| ---- | D49677 | D-227 L |
| ---- | T-51510 | D-322 |
| Manuel Anudo | H-85274 | D32U |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   **JAN 1 1 2008**

**Group Appeal**

In re:   Kenneth Trask, B92755
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0711701        Local Log No.: CTF-07-02424

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellants' position that Correctional Training Facility (CTF) Correctional Officer (CO) Abanico has subjected all inmates housed in the Facility "D" wing to verbal harassment, destruction of personal property, aggressive body searches and displayed unprofessional conduct all of which have created a "Hostile Environment and Intense Atmosphere" within "D-wing." They request no reprisal/retaliatory actions from CO Abanico, that he be removed from his present job, that he be reprimanded including but not limited to "...Code of Ethics Training regarding Procedural Conduct and a Written Letter of Instruction" and he be ordered to "Cease and Desist all Illegal Acts against inmates."

At the Director's Level of Review (DLR) the lead appellant complains that "his" appeal was not appropriately investigated by either the First Level of Review or Second Level of Review (SLR). He then claims that more than two inmates should have been interviewed to prove his non-specific allegations in order to obtain timelines and specific dates. It is noted the appellant is one of the complaints in this appeal, yet he fails to provide any specific information, dates, locations or times of when he was allegedly a witness or victim of staff misconduct.

**II   SECOND LEVEL'S DECISION:** The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. The assigned inquiry staff member reviewed the submitted material and interviewed the involved parties. The appellant was advised that he would only be informed of the completion of the inquiry and if any CDCR policy had been violated in that all personnel issues were considered confidential and would not be released to the public, staff or inmates. The appellants were informed that no reprisals would be taken for filing this appeal. The appeal was granted in part by the Second Level of Review (SLR) in that an appeal inquiry was conducted into the appellant's allegations.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR.

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an inquiry, the appellant is to be notified by the respective inquiry body that an inquiry has been completed and whether or not CDC policy had been violated by staff. In this case, the institution has reported the completion of the inquiry to the appellant and found no violations of policy by staff. The appellant is again informed that requests for monetary relief are beyond the scope of the appeals process.

At the DLR the appellants have not provided any information reflecting reprisals were taken against them for filing this appeal.

(Two of Three)

**(SUPPLEMENTAL REPORT CONTINUES)**

Corridor staff and Supervisors. Which violates **CCR Rules and Regulations and California Penal Code § 147 Officer Inhumanely or Oppressive Treatment Prisoners; Punishment.** Direct Participation, Failure to act and indirect participation STATES: [**Any person in a position of power who is made aware of wrong doings and have the power to correct it and fail to do so will lose any immunity and be subjected to Criminal and/or Civil Lawsuit**]. The Courts ruled "If a **Supervisor** is present on the scene of an unlawful act by his or her subordinates, or directs in some manner the act in question, he or she is subject to liability. Maclin v. Paulson. 627 F. 83 (7th Cir., 1980) Dellums v. Powell. 556 F. 2d. 216 (D.C. Cir. 1977). Aquiescence in the known acts of subordinates is a sufficient basis for a finding of Supervisorial liability. Alvarez v. Wilson. 431 F. Supp. 136, 146 (N.D. Ill. 1977). Downs v. Department of Public Welfare. 368 F. Supp. 454, 464 (E.D. P.A. 1973). The conduct as addressed constitudes a clear and repetitive violation of CCR. Sections **§ 3004. Rights and Respect for Others,** 3270 General Policy, 3271. Responsibility of Employees. 3278. Control of Inmates, 3391 Employee Conduct and 3413 Incompatible Activity. This conduct is submitted as OPPRESSION.

**STATEMENT OF FACTS:** On numerous occassions Central Facility D-Wing Inmates and other similiarly situated inmates have been subjected to numerous forms of harassment. (e.g.) **Verbal Harassment, Destruction of Personal Property and other items on their person, Unprofessional Conduct, and Aggressive Body Searchs.** All of which has created a (an) **Hostile Environment and Intense Atmosphere** within D-Wing. This writer and (ALL) of the undersigned inmates believe that this conduct is being condoned by Central Facility Supervisors and Staff. After numerous complaints, verbal and written against C/O Abanico, he, day in and day out continues in the above conduct. Because of this **blatant and continuous disregard for CDCR Rules and Regulations,** this writer and (ALL) of the undersigned inmates have chosen to exercise our legal right to appeal.

(PAGE)
(THREE)

Nowhere in appellants group appeal are the words **"Searches are to thorough."** During the interview appellant attempted to give Lieutenant Shahid examples of C/O Abanico's Unprofessional Conduct, Harassment, Verbal Abuse, and Aggressive actions perpetrated against D-Wing inmates. None of which have been recorded in the first level review. The method in which C/O Abanico searches inmates is only part of appellants complaint. To base the entire appeal finding of **Denial** on (Search Method) and disregard the other serious issues is a mis-carriage of justice. And further enhances appellants argument of Staff/Supervisors condoning C/O Abanico's unprofessional/illegal acts. If the investigator of this complaint finding is that appellants complaint is **not clear, "vague"** and wants **"Examples or time lines when or where the misconduct occurred."** They need only to interview more than a couple of the ninety (90) inmates undersigned.

In closing, appellant contends that once Sergeant E. Ivey II became the Interviewing Staff and the Serving Employee to C/O Abanico, further participation on his part i.e. Investigation/Interviewing appellant and other undersigned inmates could not be conducted **fairly and impartially.**

*R. Brask B-92755*

*August 24, 2000*

PAGE FOUR

is that appellant complaint is not clear "vague" and wants examples or time lines when or where the misconduct occurred." They need only to interview more than a couple of the ninety (90) inmates undersigned. Apparently the Second Level Reviewer who states "An inquiry into your allegations has been conducted." chose also to not interview any of the undersigned inmates. Appellant thus questions an inquiry where only two (2) out of ninety (90) inmates are interviewed in a complaint that alleges continuous misconduct by a Public Official. The Second Level inquiry states (in part) ... "Nor have you named the supervisors who are condoning the harassment of the D-wing inmates, and who are also condoning such unprofessional / illegal conduct by any officer." Appellant contends that all of the respondents to this complaint who have failed and or neglected to properly investigate, are to talk with more than two (2) out of ninety (90) inmates are prime examples of staff/Administrators condoning c/o Abanico's unprofessional/Illegal conduct. The respondents have over-looked, turned a blind eye, condoned, improperly investigated, refused to address, understated, misstated, covered-up. And finally simply refused to take action.

continue on next

PAGE FOUR CONTINUES

Their response to this complaint and others that
have been filed against officer Abanico by
Appellant and numerous other inmates have
(at the medium) enabled this public official to
continue with his rogue actions without any
worry about possible repercusions.

K. TRASK
# B-92755
K. Trask

Attachment E   2/21/06

``State of California

**Memorandum**

Date   :   August 04,2007

To    :   TRASK, K  B-92755
          D-Wing 333Low

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # CTF-07-02-424**

**APPEAL ISSUE:** Allege unprofessional conduct by Officer E. Abanico including harassment, verbal abuse and aggressive actions perpetrated against the inmates D-Wing creating a hostile work environment and intense atmosphere.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒   PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐   REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on August 4,2007 by Sergeant E. Ivey II and stated that "Officer Abanico's pat down searches are to aggressive." In the interview, you did not give any new information to regards to your complaint. The following information was reviewed as a result of your allegations of staff misconduct. Your appeal is vague you do not give any examples or time lines when or where the misconduct occurred. In your interview, you basically said that you and the inmates in this complaint feel that Officer Abanico's searches are too thorough.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted. Based on your 602 action requested there will be no reprisals or retaliatory actions by Officer E. Abanico or staff. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

Associate Warden                                    Date   8/18/07

Attachment E    2/21/06

State of California

# Memorandum

Date  :    September 16, 2007

To    :    Trask, K  B-92755
           X-Wing 340

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-07-02424**

**APPEAL ISSUE:** Allege unprofessional conduct by Officer E. Abanico including harassment, verbal abuse and aggressive actions perpetrated against the inmates D-Wing creating a hostile work environment and intense atmosphere.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on August 4, 2007 by Sergeant E. Ivey. Lt. Shahid was also present during the interview.  During the interview, you stated that you attempted to give examples of Officer Abanico's Unprofessional conduct, verbal abuse, harassment and aggressive actions that are against D-Wing inmates. You further state that Staff/Supervisors are condoning Officer Abanico's unprofessional/illegal acts. The following information was reviewed as a result of your allegations of staff misconduct: Your appeal is vague. You still have not provided any examples of Abanico's unprofessional/illegal conduct. You do not provide examples of how his actions are aggressive towards the D-Wing inmates nor have you named the Supervisors who are condoning the harassment of the D-Wing inmates and who are also condoning such unprofessional/illegal conduct by any officer.  Furthermore, you state on the first level appeal that his body searches are too aggressive but you do not give examples of how they are too aggressive.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted. Based on your 602, this action is a direct response to your first level appeal. There will be no reprisals or retaliatory action by E. Abanico or staff. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.  As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

State of California                                    Attachment E  2/21/06

Page 2
Trask, B-92755, X-Wing 304L
CTF-S-07-02424


Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.  If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:


_____                    9/21/07
B. Curry, Warden                                      DATE
CTF-Soledad

Delivered To I/m Trask B-92755
On  10-2-07  CbR-forz

PAGE 2

| NAME | CDC # | CELL | NAME | CDC # | CELL |
|------|-------|------|------|-------|------|
| TORRES | C-36860 | 323 | | | |
| Waller | C-71236 | D-325 Low | | | |
| MIRELES | P-37161 | D 325up | | | |
| Alley | H-48719 | D·329 | | | |
| Staly | K-45703 | D-329 | | | |
| HORN | H-54796 | D-336ᴸ | | | |
| Morrow | E-52327 | D-336ᵁ | | | |
| Beverly | T-542 | D-338ᴸ | | | |
| Hons | D91884 | 301·A | | | |
| Mr. L. Brown | P16333 | W·315ᴸᵂ | | | |
| Johnson R. | C-58776 | W-312ᴸ | | | |
| Hargrew | | Dw-123ᴸ | | | |
| PORTER | J-06829 | DW 209ᴸ | | | |
| Lawrence | C-79313 | D·w 311ᴸ | | | |
| Gonzaly | E-66196 | DW. 343L | | | |
| NAWWA | 70/498 | DW13ᴸ | | | |
| Corbin | | D-126-L | | | |
| Padilla | E-81772 | D-324ᵁᴾ | | | |
| ARWAWA, A | H·58291 | D-221ᵁ | | | |
| Boddie | K-58959 | D-124ᴸ | | | |
| | 41922 | -DW-231 | | | |
| John  Scott | -H51775- | D-238ᵃ | | | |

| NAME | CDC # | CELL |
|---|---|---|
| JOHNSON, Patrick | - | 242 LOW |
| Harris | H-11447 | 309UP |
| Robinson | 50719 | 124U |
| Mack | T-52899 | 328L |
| Little A. | D-143 | W-317L |
| Brown J | K-56520 | D U 238UP |
| Jenkins | D-42936 | D-229L |
| Conrad | E-93557 | D-516 |
| Wilson | K-46080 | D-134L |
| Hotchkiss | K6381 | D-310U |
| Campbell | E-383 | D-306 |
| Lindquist | | D-119U |
| Crosby | E-76073 | D-342 |
| Orr | F-0ES72 | D201 |
| D. Smith | H-29417 | D215 |
| J. Vander M #C-5489 | | D301A |
| Anthony Watkins | H44917 | D104 |
| Willie Haw | K-21201 | D343 |
| Anthony Bell | K-17090 | D-108 |
| N. Jones | H88 | 233 |
| Arrington. B | K38723 | D309L |
| James, M. | K-14847 | D212up |
| Lazzaro | 76501 | D-W-223 |
| Robert Satchell | C-2595 | D-120L |
| Herbert Johnson | K2487 | D216L |
| Anthony Tuck | H88797 | |
| Barney Kemp | D-05729 | |
| Whitney | H2476 | 129U |
| Delroy | K51712 | 307L |
| J. North, L | H-75600 | 314L |
| Turn, T. | 5-90989 | 217U |
| Sampson, A | | 206L |
| Greg Staffins | H89848 | 215up |
| Pickering CB | C-75826 | 311-0 |

| NAME | CDC # | CELL |
|---|---|---|
| HORTEL | C-94850 | D-239L |
| Ozuna | H37226 | D-116up |
| GEERLINGS | D-32248 | D-115-L |
| Hunnicutt | K-19864 | D-103U |
| Hayes | P-28886 | 236 |
| Jackson | H-67125 | 313 |
| Slage | H22257 | 134U |
| Broughton | J57533 | D1326L |
| J. BROWN | D-108-L | P-29606 |
| D. Crawford | D220 | D5983 |
| A. Avila | D-102 | P65160 |
| R. Ramos | D-137 | D-76520 |
| R. Smith | D-340 | P-77890 |
| A. Davis | B-133U | P-30779 |
| Wilson, M | D-132L | J-04186 |
| Moore | | C-7645 |
| Bell | D806 | D-62307 |
| Jones | D-07 | 141954 |
| Dawson | D-203L | C-8839 |
| HAMMONDS | D-229 | T-52658 |
| Davis | D122L | J87522 |
| Anderson | D-342U | D-18178 |
| O. Sansom | D3374 | H-65957 |
| M. Woodcock | D112E | K-27029 |
| Ramon Cortez | | 73830 |
| James Wells | H75 | D75 |
| W. Gipson | R-7934 | D219U |
| Trujillo Tony | E-19408. | 305 |
| Wilson | | D-33369 |
| Roberts Eller | P35380 | 121Low |
| Treves | 571785 | D-235U |
| Walker | K45142 | D212U |
| Cathcart W. | H05500 | D-231 |

KENNETH TRASK, B92755
CASE NO. 0711701
PAGE 2

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8
California Code of Regulations, Title 15, Section (CCR): 3004, 3391

**C. ORDER:** No changes or modifications are required by the Institution.

The appellant shall, pursuant to CCR section 3084.2(f)(2), share this response with the other inmates who signed this appeal.

This decision exhausts the administrative remedy available to the appellant within CDCR.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Appeals Coordinator, CTF

EXHIBIT # D

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**

CDC 602 (12-87)

TREAT AS ORIGINAL

DEPARTMENT OF CORRECTION

02809  Category 7

AUG 27 2007

REVIEWED BY THE HIRING AUTHORITY

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| K. Trask | B-92755 | Second Watch Porter D-Wing | D-Wing 333L |

A. Describe Problem: The purpose of this appeal is to address the continuous **Rule Violations** by CDCR Officer Abanico, knowingly and/or unknowingly supported by Co-Workers/ Supervisors. Pursuant to the Director of Corrections and Rehabilitations by way of the Inmate Grievance Procedures in addition pursuant to (CCR) Title 15 Crime Prevention and Corrections. Article 4. Food Services 3054.5. Meals Serviced to Non-Inmates. Article 2. Employees Incompatible Activity (a)&(l). STATEMENT OF FACTS: Appellant and other similarly Situated inmates have, for the last couple of weeks been watching C/O Abanico take Dinner Trays from the **Evening Meal Cart** into the Staff personal (Rest Room) and later consume these meals in the

If you need more space, attach one additional sheet.

B. Action Requested: That C/O Abanico be ordered to cease and desist from stealing unauthorized Food/ Meals. That he undrego Code of Ethic Training in regards to CONDUCT UNBECOMING OF AN OFFICE And that No reprisal or Retalitory actions be taken against appellant by C/O Abanico, supervisor's, Co-Worker's, other CDCR-Staff or Agents for exercising his legal right to appeal.

Inmate/Parolee Signature: _K. Trask_    Date Submitted: 7/7/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

RECEIVED
SEP 14 2007
APPEALS

CDC Appeal Number:

07-02809

RECEIVED
APPEALS

TREAT AS ORIGINAL

Staff Office.  In direct violation of CDCR Rules and Regulations 3054.5. and in further violation of CDCR Rules and Regulations 3413. Incompatible Activity (a)&(1). Where in which the latter states (in part): No employee of the Department od Corrections will engage in any other activity inconsistent or incompatible with employment by the Department of Corrections.  Employment and Conduct deemed to fall in such categories includes, but is not limited to the following:  **(1) Using the prestige or influence of the State or the Department of Corrections for private gain or advantage.**

Appellant contends that C/O Abanico is taking meals from the Inmate Food Cart that is designated for those inmates that are unable (for what ever reason) to walk to the Inmate Chowhall themselves.  This act, not only takes meals from the inmates but enables C/O Abanico to consume un-paid-for meals.  In violation of 3054.5.

**NOTE:**

To: Appeals Coordinators' J. Aboytes, CCII/P.G. Dennis, CCII
Correctional Training Facility.

Sir, On the day list upon this appeal I served C/O  Abanico in according
with CDC Rules and Regulations 3084.5 Levels of Appeal Review and
Disposition. (a) & 3084.6. Appeal Time Limits.  In which the latter
states (1) "Informal level responses shall be completed within ten
working days."

After those ten (10) working days were up (7/20/07) I asked C/O Abanico about
returning my appeal so I could (if I was dissatisfied) take it to the
next level.  C/O Abanico respond by telling me, that he does not
know where or what he did with my appeal.

Could you please log this copy as the original and forward it to
the next level for review.

RESPECTFULLY REQUESTED,

# B-92 755

# INMATE APPEAL ROUTE SLIP

To: **AW-C**                                                    Date: July 27, 2007

From:  INMATE APPEALS OFFICE

*CTF-S-07-02592*

Re: Appeal Log Number **CTF-S-07-02809** By Inmate  TRASK, **B92755**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue:  **STAFF COMPLAINTS**
Due Date:  09/04/2007
Special Needs:


STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


**J. Aboytes, CCII / P.G. Dennis, CCII**
**Appeals Coordinators,**
**Correctional Training Facility**

I. Guerra, FC Unit III

Due Date: 8/30/07

RECEIVED

JUL 3 0 2007

**AW-CEN CTF**

Attachment E    2/21/06

``State of California

**Memorandum**

Date : August 13, 2007

To : TRASK, K  B-92755
D-Wing 333Low

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # CTF-07-02-809**

**APPEAL ISSUE: That Officer E. Abanico for the past several weeks has been stealing unauthorized food by taking dinner trays and consuming these meals.**

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on August 13, 2007 by Sergeant E. Ivey II in the D-Wing officer's office at approximately 1520 hours. Inmate Trask B-92755 elected to withdraw the appeal because he is satisfied with the explanation.

**FINDINGS FOR AN APPEAL INQUIRY:**
Inmate Trask  B-92755 withdrew the appeal.

_____    B-92755    8/13/07
Signature                  CDC#       Date

J. SOARES                  _____    8/22/07
J. Soares                               Date
Associate Warden (A)
CTF-Central

K. Trask
CDCR No. #B-92755
CTF-Central D-Wing 333L


To: Appeals Coordinator's
Correctional Training Facility
J. Aboytes, CCII/P.G. Dennis, CCII


Sir, it is not my wish to withdraw Appeal No.# **CTF 07-02809.**
**STATEMENT OF FACTS:**  On August 13, 2007 appellant was interviewed
by Sergeant E. Ivey and at that time chose to withdraw pending
appeal.  However, upon receiving what should have been the final
copies pertaining to the withdrawal appellant learned that his
name had been forfeited, with his CDCR number and date on the **State
of California Memorandum** dated August 13, 2007.  Subject: **STAFF
COMPLAINT RESPONSE-APPEAL # CTF-07-02-809.**
This is not only unexceptable it's a (Felony). Appellant thus wishes
to proceed with this complaint and further requests a thorough
investigation into who forfeited his signature and the appropriate
charges be brought.


Appellant has copied this memo and appeal with the intent to send
copies to the **Secretary of Corrections James Tilton** and the **Inspector
General Matthew Cape.**

R. Trask
# B·92755
9/12/07

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*September 17, 2007*

***TRASK, B92755***
*CFXWT3000000340L*

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***In accordance with your request, the attached appeal has been withdrawn.***

J. Aboytes / P. G/ Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

KENNETH TRASK    B-12755

CTF-CENTRAL-XW-340-LOW, P.O. BOX 689

SOLEDAD, CALIFORNIA 93960-0689

UNITED STATES DISTRICT

NORTHERN DISTRICT OF CALIFO

450 GOLDEN GATE

SAN FRANCISCO, CALIFORN

LEGAL MAIL

**RECEIVED**

MAR 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

)URT

4  U.S. COURTHOUSE

ENUE

94102 - 3483