IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH TRASK,            | No. C-08-1695 TEH (PR) |
|     Plaintiff, | |
|    v. | |
| E.B. ABANICO, et. al.,    | ORDER OF SERVICE |
|     Defendants. | |

I

Plaintiff, a prisoner incarcerated at the Correctional Training Facility ("C.T.F.") in Soledad, California, has filed a pro se Complaint under 42 U.S.C. § 1983 alleging that C.T.F. Correctional Officer E.B. Abanico violated his constitutional rights. Specifically, Plaintiff alleges Abanico was deliberately indifferent to his serious medical needs and filed a false rules violations report claiming that Plaintiff threatened to kill him in retaliation for Plaintiff's use of the inmate grievance system to file complaints against Abanico. As a result of the rules violation report, Plaintiff was removed from the prison's general population

1  and transferred to administrative segregation.  In addition to
2  Abanico, Plaintiff names Warden Ben Curry and other C.T.F. employees
3  as Defendants.  Plaintiff seeks damages.

**II**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  <u>Id.</u> § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**A**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>Estelle v. Gamble</u>, 429 US 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition

1 could result in further significant injury or the "unnecessary and
2 wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059
3 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part
4 on other grounds by WMX Technologies, Inc. v Miller, 104 F.3d 1133,
5 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately
6 indifferent" if he knows that a prisoner faces a substantial risk of
7 serious harm and disregards that risk by failing to take reasonable
8 steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).
9         Here, Plaintiff alleges that on June 28, 2007, C.T.F.
10 Correctional Officer E. B. Abanico prevented him from attending a
11 regularly scheduled medical appointment at the central infirmary,
12 despite the fact that he had a priority ducat and a pass written and
13 signed by a Central Medical Facility doctor.  As a result of
14 Abanico's actions, Plaintiff was unable to receive medical treatment
15 until the following evening.  Doc. # 1, Ex. A.
16         Liberally construed, Plaintiff's allegations appear to
17 state a cognizable § 1983 claim for deliberate indifference to his
18 serious medical needs, and Defendant E.B. Abanico, C.T.F.
19 Correctional Officer, will be served.

**B**

22         Within the prison context, a viable claim of First
23 Amendment retaliation entails five basic elements:  (1) An assertion
24 that a state actor took some adverse action against an inmate (2)
25 because of (3) that prisoner's protected conduct, and that such
26 action (4) chilled the inmate's exercise of his First Amendment

3

rights, and (5) the action did not reasonably advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). The right of access to the courts extends to the exercise of established prison grievance procedures, <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995), such that a prisoner may not be retaliated against for using such procedures. <u>Rhodes</u>, 408 F.3d at 567; <u>Bruce v. Ylst</u>, 351 F3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff alleges that on September 13, 2007, C.T.F. Correctional Officer Abanico filed a false rules violation report, Doc. # 1, Ex. B, against him in retaliation for his use of the inmate grievance system to file complaints, Doc. # 1, Exs. C & D, against Abanico. Liberally construed, Plaintiff's allegations appear to state a cognizable retaliation claim under § 1983 and Defendant E.B. Abanico, C.T.F. Correctional Officer, will be served. See <u>Rhodes</u>, 408 F.3d at 567-68.

### III

For the foregoing reasons and for good cause shown:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on C.T.F. Correctional Officer E. B. Abanico. All other parties named as Defendants are DISMISSED. The Clerk also shall serve a copy of this Order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

          a.   No later than 90 days from the date of this Order, Defendant shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

          b.   Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than 30 days after Defendant serves Plaintiff with the motion.

          c.   Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or

1  authenticated documents, as provided in Rule 56(e), that contradict
2  the facts shown in Defendant's declarations and documents and show
3  that there is a genuine issue of material fact for trial.  If you do
4  not submit your own evidence in opposition, summary judgment, if
5  appropriate, may be entered against you.  If summary judgment is
6  granted, your case will be dismissed and there will be no trial.
7  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App
8  A).
9           Plaintiff also is advised that a Motion to Dismiss for
10 failure to exhaust administrative remedies under 42 U.S.C. §
11 1997e(a) will, if granted, end your case, albeit without prejudice.
12 You must "develop a record" and present it in your opposition in
13 order to dispute any "factual record" presented by the Defendant in
14 his Motion to Dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14
15 (9th Cir. 2003).
16           d.   Defendant shall file a reply brief within 15
17 days of the date on which Plaintiff serves them with the opposition.
18           e.   The motion shall be deemed submitted as of the
19 date the reply brief is due.  No hearing will be held on the motion
20 unless the Court so orders at a later date.
21      3.   Discovery may be taken in accordance with the Federal
22 Rules of Civil Procedure.  No further court order is required before
23 the parties may conduct discovery.
24      4.   All communications by Plaintiff with the Court must
25 be served on Defendant, or Defendant's counsel once counsel has been
26 designated, by mailing a true copy of the document to Defendant or
27
28                                   6

Defendant's counsel.

    5.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED   03/30/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.08\Trask-08-1695-order of service.wpd